DAVID K. ARONSON *vs.* THE STATE DEPARTMENT OF HEALTH ET AL.
JAMES BOCKMAN *vs.* THE STATE DEPARTMENT OF HEALTH ET AL.
AURELIUS R. DEJANIS *vs.* THE STATE DEPARTMENT OF HEALTH ET AL.
MICHAEL M. J'ANTHONY *vs.* THE STATE DEPARTMENT OF HEALTH ET AL.

Third Judicial District, Bridgeport, April Term, 1928.
MALTBIE, HAINES, HINMAN, BANKS and WOLFE, Js.

Argued April 17th—decided June 18th, 1928.

· *Charles W. Bauby,* for the appellants (plaintiffs Aronson, Bockman, DeJanis and J'Anthony).

*James W. Carpenter,* with whom, on the brief, were *Benjamin W. Alling,* Attorney General, *Cyril Coleman* and *J. H. Bartholomew, Jr.,* for the appellees (defendants).

Per Curiam. Each of these appellants appeals from a judgment of the Superior Court sustaining the revocation of his license to practice medicine by the State Department of Health under circumstances identical with those involved in *Mower* v. *State Department of Health, ante,* p. 74. Many of the issues are determined adversely to the appellants by our decision in that case. They raise, however, certain further questions. One is that the court erred in its conclusion that the appellants committed fraud in procuring their licenses. The statute then in force required that each applicant should present to the examining board satisfactory evidence that he had received a diploma from some legally incorporated and reputable medical school. General Statutes, §2865. This of course could only mean that he must present satisfactory evidence that he was a bona fide graduate of such an institution.

Each of these appellants represented under oath that he was a graduate of the Kansas City College of Medicine and Surgery. As to each the trial court finds that, with little or no study at that institution, he appeared before its head, paid $30 for the privilege of an examination, was passed, and received an "honorary diploma," and that he was not a bona fide graduate of the college. In view of these facts, the conclusion of the trial court that the appellants committed fraud in procuring their licenses is unassailable. The further claims of these appellants, that certain depositions were taken without adequate notice to them, and that the court erred in allowing an amendment to the answer, find no support in the record, and their attempt to secure corrections of the finding in certain respects is futile in view of the fact that they have not pursued the statutory methods established for securing such corrections.

There is no error.